**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| JACOB RAMIE PRATT, | No. 12-16291 |
| Plaintiff - Appellant, | D.C. No. 3:10-cv-00615-RCJ-VPC |
| v. | |
| DEEDS; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Robert Clive Jones, Chief District Judge, Presiding

Submitted August 13, 2013[**]
San Francisco, California

Before: HAWKINS, THOMAS, and McKEOWN, Circuit Judges.

Nevada state prisoner Jacob Ramie Pratt appeals from the district court's

order granting summary judgment on his 42 U.S.C. § 1983 claims in favor of

defendants, who are current and former correctional officers at Ely State Prison.

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

We have jurisdiction under 28 U.S.C. § 1291. We review the grant of summary judgment de novo. *Furnace v. Sullivan*, 705 F.3d 1021, 1026 (9th Cir. 2013). We affirm in part, reverse in part, and remand for further proceedings.

I

The district court erred in granting summary judgment on Pratt's claim that the defendant officers violated the Eighth Amendment by using excessive force after they fully restrained him and he was no longer struggling. Pratt does not dispute that the defendants used reasonable force in subduing him during the cell extraction. However, the parties offered markedly different accounts of the force used after Pratt was restrained. If true, Pratt's allegations that the defendants repeatedly punched him in the face after restraining him, repeatedly slammed his head into a sliding door and wall, and pinned him against the wall while one of them pinched and twisted his skin and nipples, establish a "malicious and sadistic" use of force in violation of the Eighth Amendment. *Clement v. Gomez*, 298 F.3d 898, 903 (9th Cir. 2002). While the exigencies of the cell extraction and Pratt's violent attack on one of the officers warranted the use of force to subdue and restrain Pratt, they would not justify the subsequent acts alleged. *See Hudson v. McMilliam*, 503 U.S. 1, 6 (1992) (holding that "the core judicial inquiry" in resolving an Eighth Amendment excessive force claim is "whether force was

2

applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm"). In granting summary judgment, the district court erred by resolving disputed issues of material fact in the defendants' favor. *See Furnace*, 705 F.3d at 1026 (affirming that a court reviewing a summary judgment motion must "assume the truth of the evidence set forth by the nonmoving party").[1]

## II

The district court properly granted the defendants' motion for summary judgment on Pratt's claim of deliberate indifference to his medical needs. To prevail on this claim, Pratt must show that he was "confined under conditions posing a risk of 'objectively, sufficiently serious' harm and that the officials had a 'sufficiently culpable state of mind' in denying the proper medical care." *Clement*, 298 F.3d at 904 (quoting *Wallis v. Baldwin*, 70 F.3d 1074, 1076 (9th Cir. 1995)). On the objective prong, the defendants introduced evidence that Pratt sustained minor injuries that were addressed by first aid treatment. Pratt failed to respond with evidence of more serious injuries. Even assuming Pratt created a triable issue as to the seriousness of his injuries, he has failed to allege that any defendant was

---

[1] Because a reasonable correctional officer would know that the treatment alleged would violate Pratt's constitutional rights, we decline to affirm on the alternate ground that the defendants are entitled to qualified immunity. *Pearson v. Callahan*, 555 U.S. 223, 231 (2009).

3

subjectively aware of an excessive risk of serious harm to Pratt from the denial of additional medical care. *See id.* (describing subjective component of "deliberate indifference" standard). Because no reasonable jury could find for Pratt on this claim, the district court properly granted summary judgment in favor of the defendants.

III

In sum, we reverse the grant of summary judgment as to Pratt's Eighth Amendment claim and affirm the grant of summary judgment as to his deliberate indifference claim. Each party shall bear its own costs.

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**